### No. 287.—BALL, LYONS & Co. v. R. B. LIGNOSKI.

*The remedy by attachment is stricti juris, and when invoked to restrain the debtor from selling his property to the detriment of the creditor, proof of a specific act of immorality will not be received to impeach the credibility of the defendant as a witness on the motion to dissolve.*

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray, J. Morrison & Farmer,* for plaintiffs and appellants. *R. G. Cobb,* for defendant and appellee.

HOWE, J. An attachment was issued in this case against property of defendant on the ground that he was about to convert his property into money or evidences of debt, with intent to place it beyond the reach of his creditors. Rev. C. P., article 240, par. 5.

A motion to dissolve was made by defendant on various grounds. It is urged by plaintiffs' counsel in their elaborate and able argument that the grounds urged do not put at issue the intent of defendant thus to place his property beyond the reach of his creditors. Perhaps a very refined construction might support this view, but the motion was evidently tried in the court below on this issue, and a mass of evidence was received without objection, all tending to elucidate this question and no other, namely, whether the defendant was, at the time of the attachment, really about to convert his property into money or evidences of debt with intent to place it beyond the reach of his creditors.

The judge *a quo* decided this question in the negative, and dissolved the attachment, and plaintiffs on this branch of the case appealed.

We are not prepared to say that the judge *a quo* erred in his decision. In the first place it must be remembered that he saw and heard the witnesses, and so far as there may be any conflict his decision must have great weight and ought not to be reversed unless manifestly erroneous. Again, the affidavit of one of the plaintiffs, though *prima facie* evidence of the existence of the facts therein recited, and therefore authorizing the issuing of the writ and throwing

the onus on the defendant of disproving it in a motion to dissolve, was yet made in New Orleans where the affiant resides, and is evidently not made from any personal knowledge on his part. It is not unfair to presume that he made the affidavit as a formal accusation on information and belief, and it follows that whatever *prima facie* effect it might have could be easily rebutted by defendant, and the onus shifted on plaintiffs to make good a charge affecting the defendant's integrity as a merchant.

It is hardly necessary to remark that the fact that the defendant once dealt or was suspected to have dealt in counterfeit money can have no effect on the decision of this motion to dissolve. The remedy by attachment is *stricti juris*, and especially when issued for the cause set forth in this case, in derogation of the right of disposition of property by its owner, and in opposition to the general interests of commerce.

Proof of a specific act of immorality would not even be received to impeach the credibility of the defendant as a witness on the motion, much less should it be permitted to influence the court upon the question as to whether the grounds of attachment were sufficient.

Judgment affirmed.

Rehearing refused.